HALL, Acting Chief Judge.
The appellant, Relena D. Acker, the wife herein, challenges the final judgment entered in this marital dissolution case. She contends the trial court erred in granting her an insufficient rehabilitative alimony award and in awarding primary residential care of her minor child to the appellee, David E. Acker, the husband herein. While we find there was no error as to the custody award and affirm on that point, we agree with the wife that the rehabilitative alimony award is insufficient and remand for further proceedings.
The husband here does not challenge the wife’s entitlement to rehabilitative alimony, but merely contends that pursuant to Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), a rehabilitative alimony award is a matter within the sole discretion of the trial court. He argues that since there was evidence to support the alimony award at issue, this court should find that the trial court committed no error with regard thereto.
The final judgment awards the wife rehabilitative alimony as follows: one-half tuition and books for up to ten hours per semester at Hillsborough Community College, and $150 per month for one year to assist the wdfe in obtaining dependable transportation. The final judgment also awards the wife the sum of $300 per month as additional rehabilitative alimony while she is in school, which sum is to be reduced by her $200-per-month *689 child support obligation. Thus, in reality, the wife is to receive $100 per month in additional rehabilitative alimony while she is in school, but for no more than four years.
Since the instant record shows that the wife’s monthly expenses will far exceed $100 per month while she is in school' — even considering the fact that one-half of her tuition and books for ten semester hours will be paid for — we find the rehabilitative alimony award herein is insufficient. We, therefore, remand this cause for further proceedings to determine an adequate award.
Accordingly, the instant case is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
PARKER and PATTERSON, JJ., concur.